
FILED
2010 Jan-26 PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SAMUEL LANIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   7:09-CV-01998-LSC |
| | ) |
| CITY OF TUSCALOOSA, MELVIN GREEN, MARK WHITTLE, KEN SWINDLE, | ) ) ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration three motions to dismiss, filed on November 17, 2009, by Melvin Green and Mark Whittle ("Green" and "Whittle") and December 3, 2009, by the City of Tuscaloosa ("the City"), and Ken Swindle ("Swindle").  (Docs. 8, 11, 12.)  Plaintiff, Samuel Lanier ("Plaintiff"), sued Defendants alleging violations of 42 U.S.C. § 1983 for unlawful arrest, failure to prevent constitutional abuse, and municipal liability; state law claims for false arrest, unlawful imprisonment, assault, and harassment; and respondeat superior.  The issues raised in Defendants' motions to dismiss have been fully briefed by all parties and are now ripe for

decision. Upon due consideration and for the reasons stated herein, the motions to dismiss are GRANTED.

II.     Facts.[1]

On October 7, 2007, Plaintiff went to the Tuscaloosa Police Department to seek assistance regarding an issue with the unauthorized use of his social security number. At some point, Sergeant Green, a police officer with the City, asked the Plaintiff if he was intoxicated. Following this inquiry, Plaintiff was placed in handcuffs. He remained in custody until Green spoke with Plaintiff's sister at which point he was released and allowed to return home. During this incident, no officers attempted to intervene on behalf of the Plaintiff. Plaintiff alleges that as a result of this incident, he suffered an emotional breakdown. Plaintiff alleges that Swindle, the Chief of Police for the City at the time of the incident, Lieutenant Whittle, and the City failed to institute proper procedures to prevent an incident such as this from happening. Defendants have moved to dismiss this action for failure to state a claim and under a number of immunity doctrines.

---

[1] For the purposes of this opinion, the facts are accepted as alleged in the Complaint. Recitation of the facts alleged by Plaintiff in this opinion is not to be construed as a verification that the allegations are true.

III.     Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2]  The plaintiff must plead "enough facts to state a claim that is plausible on its face."  *Id.* at 1974.

---

[2] The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*.  *See Bell Atl. Corp.*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)).  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S. Ct. at 1969.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  A complaint has sufficient facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citations omitted).  Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997)

(citation omitted).

Claims that Plaintiff asserts pursuant to § 1983 must be subjected to the "heightened pleading" standard as articulated in *Dalrymple et. al. v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). "[W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit . . . has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998); *see also Dalrymple*, 334 F.3d at 996; *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003). "More than mere conclusory notice pleading is required. . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Dalrymple*, 334 F.3d at 996 (citations omitted). "Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right. Accordingly, when reviewing a . . . motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular

12(b)(6) standard and by the heightened pleading requirement." *Id*. Simply put, to survive the Motions to Dismiss his § 1983 claims, Plaintiff must set forth, with some specificity, nonconclusory allegations of fact that would allow the court to determine whether qualified immunity is proper. Merely unsupported legal conclusions will not satisfy this burden.

As to Plaintiff's state law claims, Alabama law also provides for qualified immunity to police officers from "tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." Ala. Code § 6-5-338. This statute "shields every defendant who (1) is a 'peace officer,' (2) is performing 'law enforcement duties,' and (3) is exercising judgment or discretion." *Howard v. City of Atmore*, 887 So. 2d 201, 204 (Ala. 2003).

IV. Analysis.

A. Claims as to Green, Whittle, and Swindle.

Plaintiff's complaint contains five separate counts. Defendant Green is named in counts one and four — unlawful arrest under §1983 and state law claims for false arrest, unlawful imprisonment, assault, and

harassment.[3]  Defendant Whittle and Defendant Swindle are named under counts three and five — implementation of customs and practices that violated Plaintiff's rights under §1983 and respondeat superior.  Finally, while they are not specifically mentioned, the complaint could arguably be read as applying to Whittle and Swindle in count two — failure to prevent unconstitutional arrest under §1983 — the Court will, for the purposes of this opinion, assume that count two applies to these two parties.

"A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim." *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004).  "However, an action for impermissible arrest is barred if probable cause existed at the time of arrest." *Strickland v. City of Dothan*, 399 F. Supp. 2d at 1286 (M.D. Ala. 2005) (citing *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003); *see also Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998); *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (probable cause constitutes an absolute bar to a § 1983 claim alleging false arrest).

---

[3] Plaintiff concedes that there is currently no cause of action under Alabama state law for harrassment.  (Doc. 15 at 11.)

"For probable cause to exist, . . . an arrest must be objectively reasonable based on the totality of the circumstances." *Wood v. Kesler*, 323 F.3d at 878 (11th Cir. 2003) (quoting *Lee*, 284 F.3d at 1195). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (quoting *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (internal quotation marks omitted)). "Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." *Id.* (quoting *Lee*, 284 F.3d at 1195 (internal quotation marks and citations omitted)).

The Court of Appeals, however, has decreed that, for purposes of analyzing qualified immunity, arguable probable cause, a more lenient standard than probable cause, is the more appropriate inquiry. *See Knight v. Jacobson*, 300 F.3d 1272, 1274 (11th Cir. 2002); *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995) ("to enjoy qualified immunity [the officer]

need only have had arguable probable cause"); *Pickens v. Hollowell*, 59 F.3d 1203, 1206 (11th Cir. 1995) ("the appropriate inquiry for qualified immunity is . . . whether there was arguable probable cause"). Arguable probable cause is present when "the facts and circumstances [are] such that the officer reasonably could have believed that probable cause existed." *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997).

It is immediately evident that Green, Whittle, and Swindle's motions to dismiss are due to be granted on the basis of qualified and state immunity. Plaintiff repeatedly concedes in his complaint that these defendants were acting in their "official capacities" as City of Tuscaloosa police officers during the incident in question. (Doc. 1, ¶¶ 2, 3, 10, 11, 18, 19, 20, 24, 29, 32, 36, & 43.) Plaintiff notes that Green was the police officer "on duty at the time of the incident complained herein." (Doc. 1, ¶ 10.) Despite the requirement that Plaintiff provide at least some specific, nonconclusory statements to support his claims, Plaintiff states only that, some time after he arrived at the Tuscaloosa Police Department, "Green accused Lanier of being intoxicated and placed him in hand cuffs" where he remained until Green spoke with Plaintiff's sister. (Doc. 1 at ¶¶ 12-13, 16-

17.) Plaintiff provides no details of the incident including any factual allegations as to how or why Green came to believe that Plaintiff was intoxicated, but it is well established that a police officer has probable cause to arrest a person for intoxication based solely on their sensory perception, without any testing or formal investigation. *See, e.g, State v. Mitchell*, 722 So. 2d 814, 821 (Ala. Crim. App. 1998). Plaintiffs allegations as to Whittle and Swindle are similarly conclusory, stating only that the two Defendants subjected Plaintiff to longstanding "customs and practices" which violated his rights. What those customs and practices are, when they were implemented, and how they were conducted is not illuminated in Plaintiff's complaint.

Plaintiff has made no allegations as to what Green may or may not have perceived, or what customs or practices Whittle and Swindle may have implemented that led to Green arresting Plaintiff for being intoxicated. It is clear that Green was acting within his discretionary authority as a police officer when he arrested Plaintiff. It is also clear that, to the extent Whittle and Swindle created customs or practices that led to this arrest, that they were also acting within their discretionary

authority. As such, the burden shifts to Plaintiff to make sufficient allegations that are necessary to strip Green, Whittle, and Swindle of their qualified and state immunity. As he has not, Defendants Green, Whittle, and Swindle's motions to dismiss are GRANTED in all respects.

B.   City of Tuscaloosa.

Ala. Code §11-47-190 provides as follows:

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council[.]

Ala. Code §11-47-190.

This statute provides two bases for municipal state law liability: defects in public ways (which is not alleged and obviously not applicable), or the negligence of municipal employees acting in the line and scope of employment. Section 11-47-190 means that causes of action against municipalities based on employee conduct beyond mere negligence are barred. *Hilliard v. City of Huntsville*, 585 So.2d 889, 892 (Ala. 1991)

("Section 11-47-190 limits the liability of municipalities to injuries suffered through 'neglect, carelessness or unskillfulness.' . . . To construe this statute to include an action for wanton conduct would expand the language of the statute beyond its plain meaning."); *Cremeens v. City of Montgomery*, 779 So.2d 1190, 1201 (Ala. 2000) ("A municipality cannot be held liable for the intentional torts of its employees."); *Franklin v. City of Huntsville*, 670 So.2d 848 (Ala. 1995) (municipality legally incapable of acting with malice). Consequently, to the extent the complaint makes state law tort or equitable claims based on conduct beyond mere negligence of a City employee, §11-47-190 bars the claim as a matter of law. To the extent Plaintiff's claims are based on negligence, the Court's finding above that Green, Whittle, and Swindle have immunity to state law claims also bars actions against the City. *Ex parte City of Tuskegee*, 932 So. 2d 895, 910 (Ala. 2005) ("It is well established that, if a municipal police officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune.").

In regard to the federal claims alleged in the complaint, the law is well-settled that respondeat superior liability does not attach to a

municipality. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978); *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997). Instead, Plaintiff must allege that a municipal policy or custom was the moving force behind the deprivation of a federal right. *Id*.

In certain situations, the failure to train officers may constitute a 'policy' upon which governmental liability may rest. *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). However, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id*. at 388. A finding of 'deliberate indifference' requires evidence that the municipality was 'on notice'; in other words, a plaintiff "must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

In this case, the only allegation of a municipal policy or custom, to the extent a concrete allegation can be discerned at all, is that the City maintained a policy or custom that permitted Green to arrest the Plaintiff

without sufficient investigation or probable cause. As shown above, the requirements of probable cause do not create the duty to conduct such an investigation either under state or federal law. Consequently, there has been no deprivation of a federal right by the City. Therefore, the City's motion to dismiss is due to be GRANTED.

V. Conclusion.

For the reasons stated above, Defendants' motions to dismiss will be GRANTED and this action dismissed. A separate order will be entered in conformity with this opinion.

Done this 26th day of January 2010.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

153671